**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| City of Phoenix, | No. CV 07-110-PHX-JAT |
| Plaintiff/Counter-defendant, | **ORDER** |
| vs. | |
| Leo A. Daly Company, | |
| Defendant/Counterclaimant. | |

    Pending before the Court is Plaintiff/Counter-defendant's motion to dismiss the Counterclaim (Doc. #28) and Defendant/Counterclaimant's Motion to convert the motion to dismiss to a motion for summary judgment and to permit discovery pursuant to Rule 56(f) (Doc. #36). A stipulation for extension of time to reply in support of the motion to dismiss (Doc. #39) is pending (this stipulation does not mention the request for relief under Rule 56(f)).

    Federal Rule of Civil Procedure 12 states that in considering motions to dismiss for failure to state a claim (12(b)(6)) the Court should not consider evidence outside the pleadings. Nonetheless, in filing a 12(b)(6) motion, Plaintiff/Counter-defendant included evidence. As a result of this requirement in the rule, Defendant/Counterclaimant suggests that this Court, if it intends to consider the evidence, should convert the motion to one under Rule 56.

Notably, when the complaint was filed, Defendant filed a motion to dismiss. The parties then stipulated that Defendant should not have to answer the count not subject to the motion to dismiss until the Court ruled on the motion to dismiss. The Court denied this stipulation. Defendant filed a second stipulation saying, "Both parties believe that an extension of time is necessary to obviate the need for filing an answer that would trigger procedural events, disclosure and discovery that may be premature until the resolution of Daly's pending Motion to Dismiss." Doc. # 9 at 2. The Court granted this second stipulation despite the Court's reservations that such methodology was not the most expeditious way to proceed with the case. Doc. #11 at 1-2. After the Court ruled on the motion to dismiss, Defendant filed an answer and counterclaim. Plaintiff/Counterdefendant then moved to dismiss the counterclaim. In response to the motion to dismiss, Defendant/Counterclaimant now seeks Rule 56(f) relief to allow discovery to proceed before it should be called to respond to the motion to dismiss. Distressingly, the fact that discovery has not been ongoing since January 22, 2007, as the Court wanted, is Defendant/Counterclaimants own doing by its vigorous assertions that it should not start discovery until the Court ruled on the first motion to dismiss. While, typically, the Court, at this early stage of the case, must permit discovery before converting a motion to one under Rule 56, the Court finds Defendant/Counterclaimant's own conduct, for the specific purpose of "obviat[ating] the need for filing an answer that would trigger procedural events, disclosure and discovery that may be premature until the resolution of Daly's pending Motion to Dismiss," has caused Defendant/Counterclaim to not have been able to take discovery. Had Defendant/Counterclaimant accepted the Court's original ruling, discovery would have been on-going since January 22, 2007. Therefore, the Court will not grant relief under Rule 56(f).

However, the Court still is faced with a situation where, inconsistent with the limitations of Rule 12(b)(6), Plaintiff/Counter-defendant, in its motion to dismiss, attached evidence. Thus, Defendant/Counterclaimant is technically correct that the Court either must convert the motion to a summary judgment motion or not consider the evidence. Because

1 the Court will not grant Rule 56(f) relief, the Court will not convert the motion to one under
2 Rule 56. Therefore,

3      **IT IS ORDERED** that the Motion to Dismiss Counterclaim (Doc. #28) is stricken.
4 The Response (Doc. #37) is also stricken. The Request for Rule 56(f) (Doc. #36) is denied
5 as moot. The Stipulation to Extend Time to file reply (Doc. #39) is denied as moot.

6      **IT IS FURTHER ORDERED** that by August 15, 2007, Plaintiff/Counterdefendant
7 shall either answer the counterclaim, or file a motion that complies with the Federal Rules
8 of Civil Procedure. If a motion is filed, a response is due by September 5, 2007. A reply is
9 due by September 12, 2007. Due to the age of this case,[1] and the parties' history of seeking
10 extensions, the parties are advised that no extensions of these deadlines will be granted.

11      **IT IS FURTHER ORDERED** setting oral argument on the to-be-filed motion to
12 dismiss for Monday, October 15, 2007 at 11:15 a.m. If an answer/reply to counterclaim is
13 filed, the oral argument will be vacated.

14      **IT IS FURTHER ORDERED** that, to assist the court reporter, the parties shall
15 prepare and bring to oral argument a Table of Authorities, in alphabetical order, which
16 includes all of the authorities on which the parties will rely at oral argument; the Table of
17 Authorities shall not exceed the scope of the parties' pleadings.

18      DATED this 2nd day of August, 2007.

James A. Teilborg
United States District Judge

---

[1] In a case filed January 11, 2007, it appears that it will be mid-October 2007 before the Court resolves the motions to dismiss.