UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| CITY OF PHOENIX, an Arizona municipal corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LEO A. DALY COMPANY, a Nebraska corporation; JOHN DOES 1-50,<br><br>　　　　　Defendants. | No. CV 07-0110-PHX-JAT<br><br>**ORDER REGARDING INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL AND INFORMATION** |

　　　　Having considered the parties' stipulation (Doc. #47) and for good cause shown, the Court enters the following order.

　　　　IT IS ORDERED that a party who inadvertently discloses privileged documents, material, or information (including but not limited to electronic data) does not waive any claim of privilege.

　　　　IT IS FURTHER ORDERED that if a party or its attorneys receives or discovers documents, material, or information that they know or have any reason to believe contains privileged communications or statements inadvertently produced, the receiving party shall: (1) promptly notify the producing party and immediately refrain from reading the item; (2) promptly and permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed.  Alternatively, the

- 1 -

1  receiving party, without reading the inadvertently disclosed item or thereafter providing
2  it to non-parties, may **file a motion to** deposit the document with the Court under seal
3  for *in camera* inspection**, said motion shall articulate what relief the moving party is**
4  **seeking from the Court via the *in camera* inspection**.

5  IT IS FURTHER ORDERED that if the producing party discovers that it has
6  inadvertently disclosed privileged documents, material, or information, the producing
7  party may notify any other party within 10 days of the claim of privilege.  Promptly on
8  receiving this notice, the other party shall:  (1) immediately refrain from reading the
9  document; (2) permanently delete electronic files and data and destroy paper documents;
10 and (3) certify in writing to the producing party that the files, data, and documents have
11 been properly deleted or destroyed.  Alternatively, the receiving party, without reading
12 the inadvertently disclosed item or thereafter providing it to non-parties, may **file a**
13 **motion to** deposit the document with the Court under seal for *in camera* inspection**, said**
14 **motion shall articulate what relief the moving party is seeking from the Court via**
15 **the *in camera* inspection**.

16 IT IS FURTHER ORDERED that within 20 days of the date the producing party
17 becomes aware of the inadvertent disclosure, the producing party shall serve a privilege
18 log on the other parties covering the clawed-back documents, material, or information.
19 If a dispute develops **as to** whether a privilege exists, all parties shall not disclose, offer,
20 or otherwise use the disputed material in any way, including in these proceedings (other
21 than a court hearing to resolve the dispute) until the issue is resolved by the parties or the
22 Court.

23 Dated this 10th day of October, 2007.

James A. Teilborg
United States District Judge

- 2 -