**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| City of Phoenix, ) | No. CV 07-110-PHX-JAT |
| ) | |
| Plaintiff/Counter-defendant, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Leo A. Daly Company, ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |

Pending before the Court is Plaintiff/Counter-defendant City of Phoenix's (hereinafter, the "City") motion to dismiss the counterclaim (Doc. #43). The Court now rules on the motion.

**I.    FACTUAL AND PROCEDURAL HISTORY**

The City hired Defendant/counter-plaintiff Leo A. Daly Company ("Daly") to provide various professional design and architectural services for Phase I of the new Convention Center and Symphony Hall Renovation (the "Project") in downtown Phoenix. The City and Daly signed three separate contracts: the program validation contract, the design contract, and the construction administration contract. The Project encountered many problems, including cost overruns. As a result, the City sued Daly for negligence and breach of contract.

On April 16, 2007, Daly filed a counterclaim against the City for breach of contract and tortious interference with third-party contractual rights (Doc. #22). Daly bases its

1  counterclaim on the contract between the City and Hunt Russell Alvarado (HRA), the Project
2  construction contractor.[1] Daly alleges that the City contracted for HRA to purchase
3  insurance coverage for Daly, but, later, to save costs, the City encouraged HRA not to
4  purchase the insurance. Daly maintains that, if purchased, the insurance would have covered
5  the City's claims in this lawsuit.

6  The City filed a motion to dismiss the counterclaim on May 25, 2007 (Doc. #28). The
7  Court struck that motion from the record for failure to comply with the rules of procedure for
8  a motion to dismiss (Doc. #42). The City filed the pending motion to dismiss the
9  counterclaim on August 15, 2007 (Doc. #43); arguing that Daly did not allege the
10 counterclaim within the statute of limitations and that Daly cannot state a claim because Daly
11 was not a beneficiary of the City/HRA contract.

## II. ANALYSIS AND CONCLUSION

Standard of Review

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that

---

[1] Although Daly bases its counterclaim on the contract between the City and HRA, Daly did not attach the contract to its counterclaim. The City attached the City/HRA contract to the City's motion to dismiss. Because Daly relies on the City/HRA contract for its counterclaim, but did not attach the contract as an exhibit, the Court may consider the contract without converting the City's motion to dismiss into a motion for summary judgment. *See Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)(quoting *Branh v. Tunnell*, 14 F.3d 449 (9th Cir. 1994)), overruled on other grounds.

> merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 -65 (2007).

The City makes two arguments in its motion to dismiss: 1) Daly missed the one-year statute of limitation on its counterclaim and 2) Daly was not a third party beneficiary to the contract it attempts to enforce. Daly counters that its claims did not accrue until the City filed a suit that would have been covered by the insurance HRA never purchased and that Daly filed its claims within a year of that time. In response to the failure to state a claim argument, Daly argues: 1) that alleging in its counterclaim that it was a third party beneficiary of the City/HRA contract alone should suffice to defeat the motion to dismiss and 2) that Daly need not be the primary beneficiary of the contract as a whole in order to be a third party beneficiary of one provision.

The Court disagrees with Daly's supposition that simply alleging Daly was a third party beneficiary defeats the City's 12(b)(6) arguments. In Arizona, whether a party has rights under a contract as a third party beneficiary is a question of law. *See In re Estate of Levine*, 700 P.2d 883, 887 (Ariz. Ct. App. 1985); *see also Samsel v. Allstate Ins. Co.*, 19 P.3d 621, 625 (Ariz. Ct. App. 2001) (stating, "Whether one is a third-party beneficiary presents a question of law for the Court."), vacated on other grounds by *Samsel v. Allstate Ins. Co.*, 19 P.3d 621 (Ariz. 2002). The Court does not have to accept as true Daly's legal conclusion that it is a third party beneficiary. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation."). The Court will make that determination.

Under Arizona law, in order for a person to recover as a third party beneficiary under a contract, the contract itself must indicate an intention to benefit that person. *Norton v. First*

1  *Federal Savings*, 624 P.2d 854, 856 (Ariz. 1981). "The contemplated benefit must be both intentional and direct . . ., and 'it must definitely appear that the parties intend to recognize the third party as the primary party in interest.'" *Id.* (quoting *Irwin v. Murphey*, 302 P.2d 534, 538 (Ariz. 1956)). The City/HRA contract therefore must manifest an intent to directly benefit Daly in order for Daly to survive the motion to dismiss.

The City points out that the contract does exactly the opposite. Not only does the insuring provision of the City/HRA contract not include Daly by name or by class (design professional),[2] but the contract specifically states that it is not intended to benefit any party other than the City and HRA. Section 12.8 of the City/HRA contract, entitled "Third Party Beneficiary," reads:

> Nothing under the Contract Documents shall be constructed to give any rights or benefits in the Contract Documents to anyone other than the City and the CM@Risk [HRA], and all duties and responsibilities undertaken pursuant to the Contract Documents will be for the sole and exclusive benefit of the City and the CM@ Risk and not for the benefit of any other party.

Under the circumstances, a finding by the Court that Daly is an intended beneficiary of the City/HRA contract would impermissibly rewrite the contract. *See Pioneer Plumbing Supply Co. v. Southwest Sav. & Loan Ass'n*, 428 P.2d 115, 118 & 120 (Ariz. 1967) (internal citations omitted). In *United Plumbing v. Gibraltar Sav. & Loan Ass'n*, 441 P.2d 575 (Ariz. Ct. App. 1968), a mechanic and materialman sought to recover on their liens against the receiver in bankruptcy of a savings and loan association that had held funds for the financing of two construction projects. The owners of the projects in *United Plumbing* had a contract with the lender savings & loan that provided for the assignment of the proceeds of the loans to the lender in the event of default. 441 P.2d at 577. The owners of the projects did in fact default on the loans; and the lender called a default, accelerated its loans, applied the undisbursed loan proceeds, and foreclosed on its mortgages. *Id*.

---

[2] "CM@Risk [HRA] and its Subcontractors shall procure . . . insurance against claims . . . which may arise from the . . . the performance of the Work hereunder by the CM@Risk [HRA], its agents, representatives, employees or Subcontractors."

- 4 -

The mechanic and materialman made several arguments in an attempt to recover a portion of the loan proceeds to cover their losses on the projects, including an argument that they were third party beneficiaries of the contract between the owners and the lender. *Id.* at 578-79. The contract between the owners and the lender contained a paragraph, reading, "This agreement is made for the sole protection of the undersigned, and the said[lender], its successors and assigns, and no other person or persons shall have any right of action hereon." *Id.* at 579 n.1. The *United Plumbing* court held that the preceding paragraph specifically refuted any intention to benefit a third party. *Id.* at 579. In so holding, the *United Plumbing* court quoted *Irwin v. Murphey*, 302 P.2d 534, 538 (Ariz. 1956):

> To find that appellant Irwin was the direct and intentional beneficiary of this agreement, without supporting facts, would be to alter or add to or change the written contract of the parties. Under the law as laid down by this court and which we feel is stare decisis, it definitely must appear that the parties intend to recognize the third party as the primary party in interest and, as privy to the promise, in order for the third party to recover.

In response to the City's arguments regarding Arizona's law of third party beneficiaries, Daly cites to non-Arizona cases, standard industry contract terms, and one distinguishable Arizona case. The Court finds the out-of-state cases and the discussion of standard industry practice unhelpful in resolving the motion. *United States Fid. and Guar. Co. v. Farrar's Plumbing & Heating Co.*, 762 P.2d 641 (Ariz. Ct. App. 1988), while somewhat relevant, is distinguishable.

The construction contract at issue in *Farrar's* contained an insurance clause, reading, "[T]he Owner shall purchase and maintain property insurance upon the entire Work at the site to the full insurable value thereof. This insurance shall include the interests of the Owner, the Construction Manager, the Contractor, Subcontractors and Sub-subcontractors in the Work . . . ." *Id.* at 641. The contract further provided that the Owner and Contractor waived all rights against each other and the Subcontractors for damages caused by fire or other perils to the extent covered by insurance obtained pursuant to the above-quoted provision. *Id.* at 642. Farrar's was the plumbing subcontractor on the job. *Id.* at 641. The

construction project burned. The Owner's fire insurer paid the loss, then sued Farrar's for subrogation, claiming that Farrar's negligently caused the fire. *Id*.

Farrar's moved for summary judgment in the subrogation action based on the insuring and waiver provisions in the contract between the Owner and the Contractor, which the trial court granted. *Id*. The Arizona appeals court upheld the decision because the Owner's insurer, standing in the shoes of the Owner in the subrogation action, had only the claims of the Owner, and the Owner had contractually waived any liability action against subcontractors. *Id*. at 642. The court stated, "The only intent that is material is the intent manifested in the contract, and that intent clearly was to waive those rights." *Id*.

Unlike the contract in *Farrar's*, the insuring provision in this case does not specifically provide that HRA must purchase insurance to cover claims against the design professional. Nor does the *Farrar's* opinion make any mention of a contractual clause denying third party beneficiary status to all but the signatories like the clause in the City/HRA contract. The *Farrar's* case is therefore distinguishable.

Arizona law requires a contract to manifest an intent to benefit a third party before a Court can grant third party beneficiary status. *See, e.g.*, *Norton*, 624 P.2d at 856. The City/HRA contract does not manifest an intent to benefit Daly. In fact, the contract clearly refutes any intention to benefit a third party. The Court will not rewrite the City and HRA's agreement. The Court finds that Daly is not a third party beneficiary of the City/HRA contract.

Because the Court finds Daly is not a third party beneficiary of the City/HRA contract, Daly's claims for breach of that contract and tortious interference with its rights under that contract necessarily fail. Having decided the motion to dismiss the counterclaim on the City's third party beneficiary arguments, the Court will not address the statute of limitation argument.

Accordingly,

///

1  ///
2        IT IS ORDERED GRANTING the City's motion to dismiss the counterclaim (Doc.
3  #43).
4        DATED this 17th day of October, 2007.

                  James A. Teilborg
                  United States District Judge